IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Evelyn H. Mills, Personal | ) | Civil Action No. 8:10-cv-712-JDA |
| Representative of the Estate of | ) | |
| Kennedy Dean Mills, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Michael J. Astrue, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court for a final Order pursuant to Local Civil Rules 73.02(B)(1) and 83.VII.02, D.S.C.; 28 U.S.C. § 636(c); the parties' consent to jurisdiction by a United States Magistrate Judge; and the Honorable Cameron McGowan Currie's April 4, 2011 Order of reference. Plaintiff Evelyn H. Mills ("Plaintiff"), as personal representative of the estate of the claimant, Kennedy Dean Mills ("Claimant"),[1] brought this action pursuant to 42 U.S.C. §§ 405(g) to obtain judicial review of a final decision of the Commissioner of Social Security ("the Commissioner"), denying Claimant's claims for disability insurance benefits ("DIB"). For the reasons set forth below, the decision of the Commissioner is reversed and remanded for administrative action consistent with this Order, pursuant to sentence four of 42 U.S.C. § 405(g).

---

[1] Plaintiff was Claimant's wife. [R. 26.]

## PROCEDURAL HISTORY

Claimant initially filed a claim for disability insurance in August 2007 [R. 119–21], alleging disability as of June 2, 2007 [R. 119]. His claims were denied initially [R. 91–92] and on reconsideration [R. 93, 105–06]. Claimant filed a request for hearing, and on November 5, 2008, Administrative Law Judge ("ALJ") Walter Herin held a hearing on Claimant's claims. [R. 22–90.]

On March 4, 2009, the ALJ issued his decision that Claimant was not disabled under §§ 216(i) and 223(d) of the Social Security Act ("the Act"). [R. 8–21.] Following his review of the evidence, the ALJ found Claimant had the following severe impairments: pancreatitis, diabetes mellitus, and a history of alcohol abuse in early remission. [R. 13, Finding 3.] However, the ALJ found Claimant did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. [R. 13, Finding 4.] The ALJ also found Claimant retained the residual functional capacity to lift and carry up to 20 pounds occasionally and 10 pounds frequently; with no climbing of ladders, ropes, or scaffolds; and with avoidance of hazards such as unprotected heights, vibration, and dangerous machinery. [R. 14, Finding 5.] With these restrictions, the ALJ found Claimant was unable to perform any past relevant work [R. 19, Finding 6], but jobs existed in significant numbers in the national economy Claimant could perform [R. 20, Finding 10].

On May 6, 2009, Claimant filed a request for review of the ALJ's decision. [R. 7.] On January 14, 2010, the ALJ's findings became the final decision of the Commissioner when the Appeals Council denied Claimant's request for review of the hearing decision. [R. 1–6; 20 C.F.R. § 404.981.] Claimant died on November 13, 2009 while his request was

2

pending before the Appeals Council; listed on the death certificate as the cause of death were "a. Cardio Pulmonary Arrest; b. Aspiration Pneumonia; c. Seizures; d. CVA."  [Doc. 9 at 3.] Plaintiff, as personal representative of Claimant's estate, filed this action for judicial review on March 19, 2010.  [Doc. 1.]

## THE PARTIES' POSITIONS

Plaintiff contends (1) Claimant had impairments in addition to the impairments the ALJ found were severe [Doc. 9 at 5]; (2) the Commissioner's decision that Claimant did not have an impairment or combination of impairments listed in, or medically equal to, one of the listed impairments is in error because the ALJ improperly weighed Dr. Freeman's opinion [*id.* at 5–10]; (3) the ALJ's residual functional capacity assessment is erroneous because the ALJ improperly discredited Claimant's complaints of pain [*id.* at 11–14], improperly discredited Dr. Stewart's report [*id.* at 14–17], and improperly weighed Dr. Pinner's opinion [*id.* at 17]; and (4) the ALJ failed to include all of Claimant's impairments in the hypothetical posed to the vocational expert [*id.* at 18–21].

The Commissioner contends (1) the ALJ reasonably considered and assigned weight to the opinion evidence of record [Doc. 10 at 8–12]; (2) the ALJ reasonably found Claimant's subjective complaints of pain were not fully credible [*id.* at 12–13]; and (3) the ALJ reasonably found Claimant retained the residual functional capacity to perform work existing in significant numbers in the regional and national economies and that such work required minimal vocational adjustments [*id.* at 13–15].

## STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966) (citing *Woolridge v. Celebrezze*, 214 F. Supp. 686, 687 (S.D.W. Va. 1963)) ("Substantial evidence, it has been held, is evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'").

Where conflicting evidence "'allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ),'" not on the reviewing court. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)); *see also Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991) (stating that where the Commissioner's decision is supported by substantial evidence, the court will affirm, even if the reviewer would have reached a contrary result as finder of fact and even if the reviewer finds that the evidence preponderates against the Commissioner's decision). Thus, it is not within the province of a reviewing court to determine the weight of the

4

evidence, nor is it the court's function to substitute its judgment for that of the Commissioner so long as the decision is supported by substantial evidence. *Laws*, 368 F.2d at 642; *Snyder v. Ribicoff*, 307 F.2d 518, 520 (4th Cir. 1962).

The reviewing court will reverse a Commissioner's decision on plenary review, however, if the decision applies incorrect law or fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Myers v. Califano,* 611 F.2d 980, 982 (4th Cir. 1980); *see also Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). Where the Commissioner's decision "is in clear disregard of the overwhelming weight of the evidence, Congress has empowered the courts to modify or reverse the [Commissioner's] decision 'with or without remanding the cause for a rehearing.'" *Vitek v. Finch*, 438 F.2d 1157, 1158 (4th Cir. 1971) (quoting 42 U.S.C. § 405(g)). Remand is unnecessary where "the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

The court may remand a case to the Commissioner for a rehearing under sentence four or sentence six of 42 U.S.C. § 405(g). *Sargent v. Sullivan*, 941 F.2d 1207 (4th Cir. 1991) (unpublished table decision). To remand under sentence four, the reviewing court must find either that the Commissioner's decision is not supported by substantial evidence or that the Commissioner incorrectly applied the law relevant to the disability claim. *See, e.g.*, *Jackson v. Chater*, 99 F.3d 1086, 1090–91 (11th Cir. 1996) (holding remand was appropriate where the ALJ failed to develop a full and fair record of the plaintiff's residual

5

functional capacity); *Brehem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980) (holding remand was appropriate where record was insufficient to affirm but was also insufficient for court to find the plaintiff disabled). Where the court cannot discern the basis for the Commissioner's decision, a remand under sentence four may be appropriate to allow the Commissioner to explain the basis for the decision. *See Smith v. Heckler*, 782 F.2d 1176, 1181–82 (4th Cir. 1986) (remanding case where decision of ALJ contained "a gap in its reasoning" because ALJ did not say he was discounting testimony or why); *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984) (remanding case where neither the ALJ nor the Appeals Council indicated the weight given to relevant evidence). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *See Smith*, 782 F.2d at 1182 ("The [Commissioner] and the claimant may produce further evidence on remand."). After a remand under sentence four, the court enters a final and immediately appealable judgment and then loses jurisdiction. *Sargent*, 941 F.2d 1207 (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991)).

In contrast, sentence six provides:

> The court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . .

42 U.S.C. § 405(g). A reviewing court may remand a case to the Commissioner on the basis of new evidence only if four prerequisites are met: (1) the evidence is relevant to the determination of disability at the time the application was first filed; (2) the evidence is material to the extent that the Commissioner's decision might reasonably have been

different had the new evidence been before him; (3) there is good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner; and (4) the claimant made at least a general showing of the nature of the new evidence to the reviewing court. *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985) (citing 42 U.S.C. § 405(g); *Mitchell v. Schweiker*, 699 F.2d 185, 188 (4th Cir. 1983); *Sims v. Harris*, 631 F.2d 26, 28 (4th Cir. 1980); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)), *superseded by amendment to statute*, 42 U.S.C. § 405(g), *as recognized in Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 925 F.2d 769, 774 (4th Cir. 1991).[2]  With remand under sentence six, the parties must return to the court after remand to file modified findings of fact. *Melkonyan*, 501 U.S. at 98.  The reviewing court retains jurisdiction pending remand and does not enter a final judgment until after the completion of remand proceedings.  *See Allen v. Chater*, 67 F.3d 293 (4th Cir. 1995) (unpublished table decision) (holding that an order remanding a claim for Social Security benefits pursuant to sentence six of 42 U.S.C. § 405(g) is not a final order).

## APPLICABLE LAW

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a disability.  42 U.S.C. § 423(a).  "Disability" is defined as:

---

[2]Though the court in *Wilkins* indicated in a parenthetical that the four-part test set forth in *Borders* had been superseded by an amendment to 42 U.S.C. § 405(g), courts in the Fourth Circuit have continued to cite the requirements outlined in *Borders* when evaluating a claim for remand based on new evidence.  *See, e.g.*, *Ashton v. Astrue*, No. 6:10-cv-152, 2010 WL 5478646, at *8 (D.S.C. Nov. 23, 2010); *Washington v. Comm'r of Soc. Sec.*, No. 2:08-cv-93, 2009 WL 86737, at *5 (E.D. Va. Jan. 13, 2009); *Brock v. Sec'y of Health & Human Servs.*, 807 F. Supp. 1248, 1250 n.3 (S.D.W. Va. 1992).  Further, the Supreme Court of the United States has not suggested *Borders*' construction of § 405(g) is incorrect.  *See Sullivan v. Finkelstein*, 496 U.S. 617, 626 n.6 (1990).  Accordingly, the Court will apply the more stringent *Borders* inquiry.

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 consecutive months.

*Id.* § 423(d)(1)(A).

## I.    The Five Step Evaluation

To facilitate uniform and efficient processing of disability claims, federal regulations have reduced the statutory definition of disability to a series of five sequential questions. *See, e.g.*, *Heckler v. Campbell*, 461 U.S. 458, 461 n.2 (1983) (noting a "need for efficiency" in considering disability claims). The ALJ must consider whether (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment included in the Administration's Official Listings of Impairments found at 20 C.F.R. Pt. 404, Subpt. P, App. 1; (4) the impairment prevents the claimant from performing past relevant work; and (5) the impairment prevents the claimant from having substantial gainful employment. 20 C.F.R. § 404.1520. Through the fourth step, the burden of production and proof is on the claimant. *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983). The claimant must prove disability on or before the last day of her insured status to receive disability benefits. *Everett v. Sec'y of Health, Educ. & Welfare*, 412 F.2d 842, 843 (4th Cir. 1969). If the inquiry reaches step five, the burden shifts to the Commissioner to produce evidence that other jobs exist in the national economy that the claimant can perform, considering the claimant's age, education, and work experience. *Grant*, 699 F.2d at 191. If at any step of the evaluation the ALJ can find

8

an individual is disabled or not disabled, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a),; *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981).

### A.    *Substantial Gainful Activity*

"Substantial gainful activity" must be both substantial—involves doing significant physical or mental activities, 20 C.F.R. § 404.1572(a)—and gainful—done for pay or profit, whether or not a profit is realized, 20 C.F.R. § 404.1572(b). If an individual has earnings from employment or self-employment above a specific level set out in the regulations, he is generally presumed to be able to engage in substantial gainful activity. 20 C.F.R. § 404.1574–.1575.

### B.    *Severe Impairment*

An impairment is "severe" if it significantly limits an individual's ability to perform basic work activities. *See* 20 C.F.R. § 404.1521. When determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments. 42 U.S.C. § 423(d)(2)(B). The ALJ must evaluate a disability claimant as a whole person and not in the abstract, having several hypothetical and isolated illnesses. *Walker v. Bowen*, 889 F.2d 47, 49–50 (4th Cir. 1989) (stating that, when evaluating the effect of a number of impairments on a disability claimant, "the [Commissioner] must consider the combined effect of a claimant's impairments and not fragmentize them"). Accordingly, the ALJ must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled. *Id.* at 50 ("As a corollary to this rule, the ALJ must

9

adequately explain his or her evaluation of the combined effects of the impairments."). If the ALJ finds a combination of impairments to be severe, "the combined impact of the impairments shall be considered throughout the disability determination process." 42 U.S.C. § 423(d)(2)(B).

**C.    *Meets or Equals an Impairment Listed in the Listings of Impairments***

If a claimant's impairment or combination of impairments meets or medically equals the criteria of a listing found at 20 C.F.R. Pt. 404, Subpt. P, App.1 and meets the duration requirement found at 20 C.F.R. § 404.1509, the ALJ will find the claimant disabled without considering the claimant's age, education, and work experience. 20 C.F.R. § 404.1520(d).

**D.    *Past Relevant Work***

The assessment of a claimant's ability to perform past relevant work "reflect[s] the statute's focus on the functional capacity retained by the claimant." *Pass v. Chater*, 65 F.3d 1200, 1204 (4th Cir. 1995). At this step of the evaluation, the ALJ compares the claimant's residual functional capacity[3] with the physical and mental demands of the kind of work he has done in the past to determine whether the claimant has the residual functional capacity to do his past work. 20 C.F.R. § 404.1560(b).

**E.    *Other Work***

As previously stated, once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could

---

[3]Residual functional capacity is "the most [a claimant] can do despite [his] limitations." 20 C.F.R. § 404.1545(e)

perform other work that exists in the national economy.  *See* 20 C.F.R. § 404.1520(f)–(g);

*Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992).   To meet this burden, the

Commissioner may sometimes rely exclusively on the Medical-Vocational Guidelines (the

"grids").   Exclusive reliance on the "grids" is appropriate where the claimant suffers

primarily from an exertional impairment, without significant nonexertional factors.[4]   20

C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(e); *Gory v. Schweiker*, 712 F.2d 929, 930–31

(4th Cir. 1983) (stating that exclusive reliance on the grids is appropriate in cases involving

exertional limitations).   When a claimant suffers from both exertional and nonexertional

limitations, the grids may serve only as guidelines.  *Gory*, 712 F.2d at 931.  In such a case,

the Commissioner must use a vocational expert to establish the claimant's ability to

perform other work.  20 C.F.R. § 404.1569a; *see Walker*, 889 F.2d at 49–50 ("Because we

have found that the grids cannot be relied upon to show conclusively that claimant is not

disabled, when the case is remanded it will be incumbent upon the [Commissioner] to

prove by expert vocational testimony that despite the combination of exertional and

nonexertional impairments, the claimant retains the ability to perform specific jobs which

exist in the national economy.").   The purpose of using a vocational expert is "to assist the

ALJ in determining whether there is work available in the national economy which this

particular claimant can perform."   *Walker*, 889 F.2d at 50.   For the vocational expert's

---

[4]An exertional limitation is one that affects the claimant's ability to meet the strength requirements of jobs. 20 C.F.R. § 404.1569a.  A nonexertional limitation is one that affects the ability to meet the demands of the job other than the strength demands.  *Id.*  Examples of nonexertional limitations include but are not limited to difficulty functioning because of being nervous, anxious, or depressed; difficulty maintaining attention or concentrating; difficulty understanding or remembering detailed instructions; difficulty seeing or hearing.  *Id.*

testimony to be relevant, "it must be based upon a consideration of all other evidence in the record, . . . and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments." *Id.* (citations omitted).

## II.    Developing the Record

The ALJ has a duty to fully and fairly develop the record. *See Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986). The ALJ is required to inquire fully into each relevant issue. *Snyder*, 307 F.2d at 520. The performance of this duty is particularly important when a claimant appears without counsel. *Marsh v. Harris*, 632 F.2d 296, 299 (4th Cir. 1980). In such circumstances, "the ALJ should scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts, . . . being especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." *Id.* (internal quotations and citations omitted).

## III.    Treating Physicians

The opinion of a claimant's treating physician must "be given great weight and may be disregarded only if there is persuasive contradictory evidence" in the record. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (citing *Foster v. Heckler*, 780 F.2d 1125, 1130 (4th Cir. 1986) (holding that a treating physician's testimony is entitled to great weight because it reflects an expert judgment based on a continuing observation of the patient's condition over a prolonged period of time); *Mitchell v. Schweiker*, 699 F.2d 185, 187 (4th Cir. 1983)). If a treating physician's opinion on the nature and severity of a claimant's impairments is "well-supported by medically acceptable clinical and laboratory diagnostic

techniques and is not inconsistent with the other substantial evidence" in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2); *see Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). The ALJ may discount a treating physician's opinion if it is unsupported or inconsistent with other evidence. *Craig*, 76 F.3d at 590. Similarly, where a treating physician has merely made conclusory statements, the ALJ may afford the opinion such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. *See id.* (holding there was sufficient evidence for the ALJ to reject the treating physician's conclusory opinion where the record contained contradictory evidence).

When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless assign a weight to the medical opinion based on the 1) length of the treatment relationship and the frequency of examination; 2) nature and extent of the treatment relationship; 3) supportability of the opinion; 4) consistency of the opinion with the record a whole; 5) specialization of the physician; and 6) other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(d),. In any instance, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. *See Mitchell*, 699 F.2d at 187 (stating that treating physician's opinion must be accorded great weight because "it reflects an expert judgment based on a continuing observation of the patient's condition for a prolonged period of time"); 20 C.F.R. § 404.1527(d)(2). An ALJ determination coming down on the side of a non-examining, non-

13

treating physician's opinion can stand only if the medical testimony of examining and treating physicians goes both ways. *Smith v. Schweiker*, 795 F.2d 343, 346 (4th Cir.1986).

The ALJ is required to review all of the medical findings and other evidence that support a medical source's statement that a claimant is disabled. 20 C.F.R. § 404.1527(e). However, the ALJ is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability. *Id.*

**IV.     Medical Tests and Examinations**

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled. 20 C.F.R. § 404.1517; *see also Conley v. Bowen*, 781 F.2d 143, 146 (8th Cir. 1986). The regulations are clear: a consultative examination is not required when there is sufficient medical evidence to make a determination on a claimant's disability. 20 C.F.R. § 404.1517. Under the regulations, however, the ALJ may determine that a consultative examination or other medical tests are necessary. *Id.*

**V.     Pain**

Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment that could reasonably be expected to produce the pain or symptoms alleged. 42 U.S.C. § 423(d)(5)(A). In evaluating claims of disabling pain, the ALJ must proceed in a two-part analysis. *Morgan v. Barnhart,* 142 F. App'x 716,

723 (4th Cir. 2005) (unpublished opinion).  First, "the ALJ must determine whether the claimant has produced medical evidence of a 'medically determinable impairment which could reasonably be expected to produce . . . the actual pain, in the amount and degree, alleged by the claimant.'"  *Id.* (quoting *Craig,* 76 F.3d at 594).  Second, "if, and only if, the ALJ finds that the claimant has produced such evidence, the ALJ must then determine, as a matter of fact, whether the claimant's underlying impairment *actually* causes her alleged pain."  *Id*. (emphasis in original) (citing *Craig*, 76 F.3d at 595).

Under the Fourth Circuit's "pain rule," it is well established that "subjective complaints of pain and physical discomfort can give rise to a finding of total disability, even when those complaints [a]re not supported fully by objective observable signs."  *Coffman*, 829 F.2d at 518.   The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. 20 C.F.R. § 404.1528. Indeed, the Fourth Circuit has rejected a rule which would require the claimant to demonstrate objective evidence of the pain itself, *Jenkins v. Sullivan*, 906 F.2d 107, 108 (4th Cir. 1990), and ordered the Commissioner to promulgate and distribute to all administrative law judges within the circuit a policy stating Fourth Circuit law on the subject of pain as a disabling condition, *Hyatt v. Sullivan*, 899 F.2d 329, 336–37 (4th Cir. 1990). The Commissioner thereafter issued the following "Policy Interpretation Ruling":

> This Ruling supersedes, only in states within the Fourth Circuit (North Carolina, South Carolina, Maryland, Virginia and West Virginia), Social Security Ruling (SSR) 88-13, Titles II and XVI: Evaluation of Pain and Other Symptoms:

...

> **FOURTH CIRCUIT STANDARD:** Once an underlying
> physical or [m]ental impairment that could reasonably be
> expected to cause pain is shown by medically acceptable
> objective evidence, such as clinical or laboratory diagnostic
> techniques, the adjudicator must evaluate the disabling effects
> of a disability claimant's pain, even though its intensity or
> severity is shown only by subjective evidence.  If an underlying
> impairment capable of causing pain is shown, subjective
> evidence of the pain, its intensity or degree can, by itself,
> support a finding of disability.  Objective medical evidence of
> pain, its intensity or degree (i.e., manifestations of the
> functional effects of pain such as deteriorating nerve or muscle
> tissue, muscle spasm, or sensory or motor disruption), if
> available, should be obtained and considered.  Because pain
> is not readily susceptible of objective proof, however, the
> absence of objective medical evidence of the intensity,
> severity, degree or functional effect of pain is not
> determinative.

SSR 90-1p, 55 Fed. Reg. 31,898-02, at 31,899 (Aug. 6, 1990).  SSR 90-1p has since been

superseded by SSR 96-7p, which is consistent with SSR 90-1p.  *See* SSR 96-7p, 61 Fed.

Reg. 34,483-01 (July 2, 1996).  SSR 96-7p provides, "If an individual's statements about

pain or other symptoms are not substantiated by the objective medical evidence, the

adjudicator must consider all of the evidence in the case record, including any statements

by the individual and other persons concerning the individual's symptoms."  *Id.* at 34,485;

*see also* 20 C.F.R. § 404.1529(c)(1)–(c)(2) (outlining evaluation of pain).

## VI.    Credibility

The ALJ must make a credibility determination based upon all the evidence in the

record.  Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ

must articulate specific and adequate reasons for doing so, or the record must be obvious

as to the credibility finding.  *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985).

Although credibility determinations are generally left to the ALJ's discretion, such determinations should not be sustained if they are based on improper criteria. *Breeden*, 493 F.2d at 1010 ("We recognize that the administrative law judge has the unique advantage of having heard the testimony firsthand, and ordinarily we may not disturb credibility findings that are based on a witness's demeanor.  But administrative findings based on oral testimony are not sacrosanct, and if it appears that credibility determinations are based on improper or irrational criteria they cannot be sustained.").

## APPLICATION AND ANALYSIS

**Whether Claimant's Impairments Met or Equaled a Listing**

Plaintiff contends the ALJ's decision that Claimant's impairments or a combination of Claimant's impairments did not meet or equal a listing is not supported by substantial evidence.

To determine whether a claimant's impairments meet or equal a listed impairment, the ALJ identifies the relevant listed impairments and compares the listing criteria with the evidence of the claimant's symptoms. *See Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986) (stating that without identifying the relevant listings and comparing the claimant's symptoms to the listing criteria, "it is simply impossible to tell whether there was substantial evidence to support the determination").  "In cases where there is 'ample factual support in the record' for a particular listing, the ALJ must provide a full analysis to determine whether the claimant's impairment meets or equals the listing." *Beckman v. Apfel*,  No. WMN-99-3696, 2000 WL 1916316, at *9 (D. Md. Dec. 15, 2000) (unpublished opinion) (quoting *Cook*, 783 F.2d at 1172).  While the ALJ may rely on the opinion of a State

17

agency medical consultant in conducting a listing analysis, 20 C.F.R. § 404.1527(f)(2)(iii),

the ALJ ultimately bears the responsibility for deciding whether a claimant's impairments

meet or equal a listing, *id.* § 404.1527(e)(2).

The ALJ's entire Step 3 analysis reads:

> Dr. Free[d]man testified that he is board-certified in internal medicine. He indicated that he had reviewed the medical evidence and that the claimant's conditions do not meet any listings. He further testified that he would expect the claimant's conditions would result in functional limitations. He indicated that based on the latest medical evidence, the claimant's conditions have been relatively stable since February 2008. Dr. Free[d]man stated that the claimant's diabetes is fairly well[-]controlled with the treatment that he is on. Dr. Free[d]man testified that the claimant would be limited to medium work. He stated that he did not feel qualified to evaluate any mental or emotional situations.
>
> Although not a treating physician, I have given Dr. Free[d]man's conclusion that the claimant is capable of sustained work activities significant weight. As a board-certified internist, he is a specialist and is well[-]qualified to provide an opinion on conditions including diabetes mellitus and pancreatitis. Furthermore, he has the benefit of reviewing all of the medical evidence of record.

[R. 13–14.] The ALJ's discussion suggests the ALJ may have *considered* whether

Claimant satisfied listings pertaining to diabetes mellitus and pancreatitis. However, the

ALJ never mentioned any specific listing in his decision and never provided a discussion

of whether Claimant satisfied the requirements of any listing. [*See* R. 13–19.] Moreover,

neither the ALJ's decision nor Dr. Freedman's testimony indicate which listings Dr.

Freedman analyzed in concluding Claimant's impairments did not meet or equal a listed

impairment.[5]   Further, the ALJ acknowledged that Dr. Freedman did not evaluate Claimant's mental or emotional impairments, but the ALJ did not provide any discussion as to whether Claimant's mental impairment of alcohol abuse, which the ALJ identified as a severe impairment, met or equaled a listed impairment.

The ALJ's failure to expressly consider and discuss his findings regarding whether Claimant satisfied a listing constitutes reversible error and warrants a remand to the ALJ to properly consider the issue.  As noted above, a court may reverse an ALJ's decision if the decision fails to provide the court with sufficient reasoning to determine that the ALJ properly applied the law, *Myers*, 611 F.2d at 982; *Keeton*, 21 F.3d at 1066, and a remand under sentence four of § 405(g) may be appropriate to allow the ALJ to explain the basis for the decision, *see Smith*, 782 F.2d at 1181–82; *Gordon*, 725 F.2d at 235.  Here, the decision fails to identify any listing, to explain the standard to be applied, and to compare Claimant's symptoms to the requirements of the listing.  *See Cook*, 783 F.2d at 1173 (remanding in part because it was "simply impossible to tell whether there was substantial evidence to support the determination" when the ALJ's decision failed to identify the

---

[5] The relevant testimony is as follows:

ALJ Q.         Are you familiar with the medical listings used by the Social Security Administration published by the Commissioner?

Freedman A:    Yes, sir.

ALJ Q.         Based on your education, experience, and training, and your review of the medical evidence, do you have an opinion as to whether the Claimant in this case, medical impairments individual or in combination, meet or equal any of those listings?

Freedman A:    I feel they do not meet or equal any of the listings.

[R. 66.]

relevant listed impairment and failed to compare each of the listed criteria to the evidence of the plaintiff's symptoms). Without such a discussion, the Court is unable to determine whether the ALJ's decision at Step 3 of the sequential analysis is supported by substantial evidence. Therefore, the case must be remanded for a proper analysis of whether any of Claimant's impairments, or a combination of Claimant's impairments, met or equaled a listed impairment.[6]

**Remaining Issues**

As stated above, the Court is unable to review the ALJ's finding at Step 3 regarding whether Claimant's impairments met or medically equaled one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. When a claimant's impairment or combination of impairments meets or equals one of the listed impairments in Appendix 1, the claimant is deemed disabled and no further analysis is required. *See* 20 C.F.R. § 404.1520(a)(4)(iii). Accordingly, because Plaintiff's remaining issues may be rendered moot on remand, the Court need not address them. *See Neal v. Astrue*, 2010 WL 3046987, at * 5 (D.S.C. Aug. 2, 2010) (citing *Boone v. Barnhart*, 353 F.3d 203, 211 n.19 (3d Cir.2003) (remanding on other grounds and declining to address the claimant's additional arguments)).

## CONCLUSION

Wherefore, based upon the foregoing, it is ordered that the Commissioner's decision be REVERSED pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be

---

[6] The Court notes that the ALJ's Finding 3 suggests that Listings 9.00B5, concerning diabetes mellitus and pancreatic gland disorders, and 12.09, concerning substance addiction disorders, should be considered under a proper listings analysis, but the Court expresses no opinion as to whether these listings must be considered or are the only listings that should be considered.

REMANDED to the Commissioner for further administrative action consistent with this order.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States Magistrate Judge

August 30, 2011
Greenville, South Carolina